IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ROBERT PAYNE, individually<br><br>Plaintiff,<br><br>vs.<br><br>DENI DELIC, an individual, AARON MADRIAGA, an individual, JOSEPH TRAN, and individual, and CITY OF TUKWILA, a Washington municipality,<br><br>Defendants. | NO.<br><br>**COMPLAINT** |

The Plaintiff, by and through his attorney of record, Dexter L. Callahan of Van Siclen, Stock & Firkins, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

**1.1** This is a complaint for excessive force and civil rights violations under 14 USC 1983. Plaintiff's claim is brought to seek redress for police misconduct, and violation of Plaintiff's civil rights including use of excessive force against him.

## II. PARTIES, JURISDICTION AND VENUE

**2.1** That all acts hereinafter alleged occurred within King County, Washington, and that this court has jurisdiction over this cause.

COMPLAINT FOR PERSONAL INJURIES - 1

**2.2** Plaintiff Robert Payne was at all times material hereto a resident of King County, Washington.

**2.3** Officers Deni Delic, Aaron Madriaga, and Joseph Tran, at all times material hereto were uniformed Tukwila Police Department Officers acting under the color of law, and upon information and belief reside in King County, Washington.

**2.3** Defendant City of Tukwila is a Washington State Municipality located in King County, Washington. The Tukwila Police Department is a department thereof and the City and the Tukwila Police Department legally "reside" in King County being located and doing business there.

**2.4** The wrongs complained of arose or were in King County Washington and concern public officers there, and jurisdiction and venue are appropriate in King County under RCW 4.24.020 and .025 based on the parties' residence or place where the torts arose.

**2.5** Plaintiff served and filed a notice of claim relating to this incident at the City of Tukwila, on or about January 7, 2022. The sixty-day waiting period under RCW 4.92.110 has elapsed and this complaint is timely thereunder.

### III. FACTS

**3.1** On or about June 4, 2019, A welfare check was initiated to 5782 S 152nd St #812, Tukwila, WA, Plaintiff's residence at the time. This welfare check was initiated by Mr. Payne's doctor, Dr. Colleen Barnett, following a conversation between Dr. Barnett and Mr. Payne. Dr. Barnett feared that Mr. Payne may have been experiencing a mental health crisis.

**3.2** Several units of the Tukwila Police Department responded to Mr. Payne's residence. Instead of performing a welfare check and de-escalating the situation, the responding officers demanded that Mr. Payne exit his residence.

COMPLAINT FOR PERSONAL INJURIES - 2

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

**3.3**     The Plaintiff initially remained inside his residence but eventually exited at the request of Tukwila Police Officers. The Plaintiff then exiting his residence, with his hands above his head, was compliant with the officers' instructions, and placed his hands behind his back to be cuffed.

**3.4**     After placing his hands behind waiting to be cuffed, several heavily armed and armored officers including the defendants performed an unnecessary and excessively forceful takedown on Mr. Payne, throwing him to the ground and holding him down with their knees on his head and body and causing injury to Plaintiff.

**3.5**     As he was unexpectedly taken and held down, the Plaintiff flailed his arms and legs. In response, Tukwila Police Officer Deni Delic struck the Plaintiff in the head at least twice with his elbow, despite several officers having full control over the Plaintiff.

**3.6**     All such force was unlawful, excessive, unreasonable, unjustified, violent, harmful, malicious, and caused extensive injury to Plaintiff. The unlawful and excessive force used against Plaintiff caused him physical pain, emotional distress, injury, insult, indignity, humiliation, and other injuries including economic loss.

**3.7**     The Plaintiff was eventually restrained and brought by ambulance to Valley Medical Center, where he received treatment for his injuries including but not limited to, contusions and hematomas, and a subsequent mental health evaluation.

## IV. **FIRST CAUSE OF ACTION**

### **EXCESSIVE FORCE**

**4.1**     The Defendant's actions in failing to deescalate the encounter, which originated as a welfare check, and the excessive and violent takedown and arrest of Plaintiff despite his

COMPLAINT FOR PERSONAL INJURIES - 3

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

compliance with the responding Officer's directions constitute excessive use of force in violation of Mr. Payne's civil rights.

**4.2** The Defendants Delic, Madriaga, and Tran are liable for the use of excessive force, both individually and as agents of the City of Tukwila Police Department.

**4.3** The Defendant City of Tukwila Police Department is liable for the actions of its employees who used excessive force by reason of the following:

    **a.** The Defendant City of Tukwila Police Department has either a formal or informal policy or custom of allowing its officers to engage in the use of excessive force when making an arrest by asserting such force against arrestees so as to cause grievous bodily harm.

    **b.** The use of such force has been sanctioned or approved by those in charge of policy in the Tukwila Police Department as evidenced by the lack of disciplinary investigation or action when arrestees suffer serious bodily injury.

**4.4** As a direct result of the City of Tukwila Police Department allowing its officers to conduct arrests in a manner which produces serious bodily harm, the Plaintiff has been injured.

## V. SECOND CAUSE OF ACTION

### NEGLIGENCE

**5.1** The Plaintiff realleges paragraphs I through IV above.

**5.2** The Defendants Delic, Madriaga, and Tran by failing to restrict or restrain their use of excessive force against the Plaintiff, were negligent in their actions by not using less injurious methods to conduct his investigation and arrest of Plaintiff.

**5.3** The city of Tukwila Police Department is liable for the negligence of its employees in failing to restrict or restrain their use of excessive force.

COMPLAINT FOR PERSONAL INJURIES - 4

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

**5.4** The City of Tukwila Police Department is further liable for the negligent supervision, hiring, and/or retention of Defendants.

## VI. DAMAGES

**6.1** That as a direct and proximate result of the said incident, the plaintiff sustained injuries; that although medical attention and supportive remedies have been resorted to, said injuries, together with pain, discomfort and limitation of movement, prevail and will continue to prevail for an indefinite time into the future; that it is impossible at this time to fix the full nature, extent, severity and duration of said injuries, but they are alleged to be permanent, progressive and disabling in nature; that the plaintiff has incurred and will likely continue to incur medical expenses and other expenses to be proved at the time of trial, all to their general damages, in an amount now unknown.

**6.2** That as a direct and proximate result of the use of excessive force against Plaintiff he has incurred injuries to his mental state including but not limited to extreme emotional distress, pain, suffering, humiliation, loss of enjoyment of life, annoyance, and inconvenience.

**6.3** That as a direct and proximate result of Defendants actions Plaintiff has suffered deprivation of his civil rights due to use of excessive force causing serious and permanent injury to Plaintiff under the color of law.

**6.4** The plaintiff asserts the physician/patient privilege for 88 days following the filing of this complaint. On the 89th day following the filing of this complaint, the plaintiffs hereby waive the physician/patient privilege. That waiver is conditioned and limited as follows: (1) The plaintiffs do not waive their constitutional right of privacy; (2) The plaintiff does not authorize contact with the their health care providers of any kind except by judicial

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

proceeding authorized by the Rules of Civil Procedure; (3) Representatives of the defendants are specifically instructed not to attempt ex parte contacts with health care providers of the plaintiffs; and (4) Representatives of the defendants are specifically instructed not to write letters to plaintiffs' health care providers telling them that they may mail copies of records to the defendants. In the case of <u>Loudon v. Mhyre,</u> 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the plaintiff's treating physicians when the plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

<u>Loudon,</u> at 675-676.

WHEREFORE, plaintiff pray for the following relief:

1. A judgment against the Defendant, in an amount to be determined at trial, sufficient to compensate the Plaintiff for the injuries described above; and

2. For punitive damages against the Defendants; and

2. For reasonable attorney fees in accordance with 42 USC 1988 and 42 USC 1983, and any other applicable law; and

3. For such other and further relief as the court may deem just and equitable under the circumstances.

//

//

//

COMPLAINT FOR PERSONAL INJURIES - 6

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

DATED this 3rd day of May, 2022.

VAN SICLEN, STOCKS & FIRKINS

By: /s/ Dexter L. Callahan
Dexter L. Callahan, WSBA #53119
Attorney for Plaintiff

COMPLAINT FOR PERSONAL INJURIES - 7

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679